[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PRE-JUDGMENT REMEDY
The plaintiffs seek to obtain a pre-judgment remedy against Anton Kaeslin who was, at all relevant times, general manager of Ahead Communications' United States operation. The American corporation was a subsidiary of Ahead Communications of Austria. Kaeslin was not an officer of either corporation and was answerable to the company president in Austria. Kaeslin had limited authority with respect to the company finances or the hiring or firing of individuals. Several e-mail communications were introduced into evidence to prove that Kaeslin needed the president's approval before he could dismiss employees. Much of the time Kaeslin was begging for funds from Austria to keep the American operation afloat.
Both the American corporation and its Austrian parent company are in bankruptcy. The plaintiffs are former employees of Ahead Communications and they were terminated just prior to bankruptcy filing. These former employees allege that Kaeslin has wrongfully withheld bonus compensation due them at the time of their termination from employment with Ahead, in violation of Connecticut General Statutes § 31-72. These former employees must establish that there is probable cause to support their claim against Kaeslin. See Three S. Development Co. v. Santore,193 Conn. 174, 176 (1984). In essence, the plaintiffs seek to pierce the corporate veil to get at Kaeslin individually, alleging the Kaeslin's status fit within the holding established in Butler v. Hartford TechnicalInstitute, Inc., 243 Conn. 454, 462 (1977). The pertinent language of that case is:
"We, therefore, agree with the plaintiff that when placed in its statutory context, the term employer as used in § 31-72 encompasses an individual who possesses the ultimate authority and control CT Page 4332 within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so."
All plaintiffs were formerly employed by General Data Comm, Inc. who went over to Ahead when the latter bought General Data Comm's broadband division in August, 2001. They were retained at the same salaries by Ahead. All bonus agreements were signed and approved by Ahead's president, Werner Neubauer. Kaeslin had no part in negotiating the bonus agreements. His only involvement with wage payments was the signing of checks when Ahead was unable to pay its automated check writer.
The application for a pre-judgment remedy is denied.
SCHEINBLUM, J.